Kinkead, J.
This is an action to recover the penalty prescribed by Section 6195 of the General Code for the unlawful sale of intoxicating liquor in houses of ill-fame. The question arises upon a demurrer to the second defense of the defendant, Binder, who in his answer alleges that as owner of the property he had no knowledge whatever of the use of a portion of his premises for the purposes of prostitution, and that he did not know that liquor was sold therein. It appears from the pleading that the lower part of the building was used for store room purposes and the upper part for living purposes, the defendant claiming that he did not rent the property for such purposes, and had no knowledge.
It is claimed by counsel for the plaintiff that want of knowledge is not a valid defense in actions of this character, because the statute provides that a judgment rendered against any person violating the provisions of this law “shall be a lien upon the building in which such liquor is sold or given away, and upon the lot or tract of land upon which such buildings or place is *613 situated. ’ ’ It will be noticed that there is nothing in the statute with reference to either knowledge or want of knowledge on the part of the owner of the use of the property by the tenant. •
. I am cited to two eases, one, Simpson v. Serviss, 3 Circuit Court, 433, decided by the circuit court of this county, Stewart, Shauck and Shirer, JJ., in 1888. The other is the case of State of Ohio v. Somerville, 1 N. P., 422, decided in 1895 by Pugh, J. And also the opinion of Rogers, J., of- this court in respect to the same question in this same case on a demurrer to the petition.
The circuit court case was an action by a property owner directed against the auditor of the county in respect, to the penalty which was placed upon the duplicate. The lien involved in that ease under the 83 O. L., 157, providing against the evils resulting from the traffic in intoxicating • liquors, was held by the court to attach to the real property on and in which the business of said traffic is conducted by a lessee, although the same is so conducted without the knowledge or consent of the lessor or owner of the premises, and in violation of the conditions of the lease.
The Somerville case was brought under the same law which is now under consideration. The question arose both in the Somerville case and in this case before Judge Rogers upon a demurrer to the petition for the reason that it did not aver want of knowledge. The ruling in each case was that the demurrer was not well taken because -such want of knowledge did not have to be alleged in the petition in the first instance. Both Judge Rogers and Judge Pugh expressed the opinion that if the owner proves that he did not know the house was used for the purposes of prostitution, it would be a good defense. These expressions of opinion must be regarded as dictum. They were not facing the problem as we are now in this case.
The circuit court, however, in the case above cited, must necessarily have passed upon the question of the effect of want of knowledge on the part of the property owner of the fact that liquor was being sold in his property, because it was specifically alleged that he did not know nor could he ascertain that liquors were being sold there, although he made frequent inquiry and *614 diligent inspection of the premises, and although the lease which he made provided that no intoxicating liquor should be sold on the -demised premises. The purpose of this law is very plain, and it is wholly different from almost any other liquor law in our statutes. The rule as stated by Judge Pugh is quite institutional that all kinds of property were held by the owners thereof subject to the implied obligations that its use was not to be injurious to the community, and the police power of the state is ample to prohibit or punish the persons who permit their property to be so used to the detriment of the health, morals or safety of the people. This law is contemplated to impose a penalty upon persons who deliberately rent their property for such purposes. I can not bring myself to believe, however, that if an honest ease were presented by a property owner, where he, in good faith, did not knowingly rent his property for such purposes and did not know that liquor was sold therein contrary to law, and that he was diligent during the occupancy of the property to obtain information in respect to such use and sale of liquor, that the penalty could be constitutionally imposed upon him in such case.
The circuit court decision was under the Dow law which, it must be conceded, was materially different from the case of a person, who, in good faith, may rent his property of the nature involved in this case to any one for dwelling-house purposes only, and who, in good faith, may not know and may never have learned that the same was being used for purposes of prostitution and that liquor was being sold therein.
I would be inclined to overrule a demurrer where the defense in all of its terms and conditions squarely presented this kind of a situation. But inasmuch as the second defense in this answer avers that this property was placed in the hands of the Sims Rental Agency, who rented the property, I am inclined to think that the defense taken as a whole does not present facts which tend to show unequivocally want of knowledge of the conditions. "Whatever Sims did or whatever his knowledge was in respect to such property would be binding upon the defendant Binder.
For these reasons the demurrer will be sustained. Leave will be granted the defendant to amend within rule.